5 x 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**17 CV    8138**

JOYELLE BUKOWSKI

_____

Write the full name of each plaintiff.

_____ CV _____

(Include case number if one has been
assigned)

-against-

JUDGE JEFFREY A. SPINNER
JUDGE MATTHEW HUGHES
~~MARY BETH DANIELS~~
LORI TOWNS
JOANNE MERRIHUE
~~KATHLEEN TURNER~~
STEPHANIE STEVENSON
PHILIP CASTROVINCI
~~ADAM SAYLOR~~
DENNIS M. BROWN
ERIC SCHNEIDERMAN

**COMPLAINT**

Do you want a jury trial?
☒ Yes   ☐ No

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Malicious prosecution and abuse of judicial process resulting in the kidnapping  and retention of my 4 year old son M to this very day under Color of

the Law. Deliberate indifference and judiciary conduct that would shock the conscience of any decent human being in violation of the Fourth and Fourteenth

amendments and statutes Title 18, U.S.C. Section 241(Conspiracy against Rights) and Title 18,U.S.C.Section 242 (Deprivation of Rights under Color of Law)

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Joyelle | M. | Bukowski |
|---|---|---|
| First Name | Middle Initial | Last Name |

62 Pointe Circle South
_____
Street Address

| Coram | N.Y. | 11727 |
|---|---|---|
| County, City | State | Zip Code |

| 646 771 2704 | joyellebukowski@hotmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

JUDGE JEFFREY A.          SPINNER

First Name                              Last Name

C/O DAVID LAWRENCE III   NYS OFFICE OF ATTORNEY GENERAL

Current Job Title (or other identifying information)

120 BROADWAY

Current Work Address (or other address where defendant may be served)

NEW YORK                    NY                    10271

County, City                State                Zip Code

Defendant 2:

JUDGE MATTHEW          HUGHES

First Name                              Last Name

FAMILY COURT JUDGE   SUFFOLK COUNTY

Current Job Title (or other identifying information)

400 CARLETON AVE.

Current Work Address (or other address where defendant may be served)

CENTRAL ISLIP              NY                    11772

County, City                State                Zip Code

Defendant 3:

MARY BETH               DANIELS

First Name                              Last Name

C/O MATTHEW FLANAGAN, CATALANO, GALLARDO & PETROPOULOUS

Current Job Title (or other identifying information)

100 JERICHO QUADRANGLE,  SUITE 220

Current Work Address (or other address where defendant may be served)

JERICHO                     NY                    11753

County, City                State                Zip Code

Defendant 4:

**LORI**        **TOWNS**

First Name          Last Name

C/O BRIAN C. MITCHELL , ASSISTANT COUNTY ATTORNEY,SUFFOLK COUNTY DISTRICT ATTYS. OFFICE

Current Job Title (or other identifying information)

**100 VETERANS MEMORIAL HIGHWAY, P. O. BO**    **6100**

Current Work Address (or other address where defendant may be served)

**HAUPPAUGE**       **NY**       **11788**

County, City        State       Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   Suffolk County Family Court, 400 Carleton Ave., Central Islip, NY 11772

Date(s) of occurrence:   June 20, 2016 to this very day( no contact whatsoever)

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

See pages that follow

## B. Defendant Information (continued)

Defendant 5:     JOANNE          MERRIHUE

C/O BRIAN C. MITCHELL ASST. CTY.ATTY.

SUFFOLK COUNTY DISTRICT ATTYS. OFFICE

100 VETERANS MEMORIAL HIGHWAY

P. O. BO  6100

HAUPPAUGE          NY          11788


Defendant 6:     KATHLEEN          TURNER

C/O BRIAN C. MITCHELL ASST. CTY. ATTY.

SUFFOLK COUNTY DISTRICT ATTYS. OFFICE

100 VETERANS MEMORIAL HIGHWAY

P. O. BO  6100

HAUPPAUGE          NY          11788


Defendant 7:     STEPHANIE          STEVENSON

C/O BRIAN C. MITCHELL, ASST. CTY. ATTY.

SUFFOLK COUNTY DISTRICT ATTYS. OFFICE

100 VETERANS MEMORIAL HIGHWAY

P. O.  BO  6100

HAUPPAUGE          NY          11788

B. Defendant Information (continued)

Defendant 8:     PHILIP                CASTROVINCI

CASTROVINCI & MADY, SUITE 200

1 EDGEWATER AVE.

SMITHTOWN              NY          11787


Defendant 9:     ADAM               SAYLOR

25 LONG STREET

LAKE GROVE              NY          11755


Defendant 10:    DENNIS   M.         BROWN

C/O BRIAN C. MITCHELL, ASST. CTY. ATTY.

SUFFOLK COUNTY DISTRICT ATTYS. OFFICE

100 VETERANS MEMORIAL HIGHWAY

P. O. BO  6100

HAUPPAUGE              NY          11788


Defendant 11:    ERIC SCHNEIDERMAN

C/O DAVID LAWRENCE III

NYS OFFICE OF ATTORNEY GENERAL

120 BROADWAY

NEW YORK              NY          10271

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

My son M has suffered needless trauma; emotionally, physically and psychologically. Dr. Kathleen Monahan recommended the immediate return of my four year old to alleviate any damages then (July, 2016).  The wanton acts of this court and CPS have exacerbated this condition even more.  Their unlawful and compelling total alienation and abandonment of my son continues to this very day.  When I finally receive my son M, I will be able to address this question.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

My life's game plan has been completely obliterated as I have scoured every resource to retrieve my son M.  I have reached out to a number of people and have lost out on a number of genuine opportunities as my potential employers and/or associates evaluate my plight.  I value my losses, fees and debts at a million per year--and we are in a second year.  I am also seeking punitive damages. What value does one place on the complete severance of a mother and a 4 year old boy forcibly removed under police escort to endure God knows what.  Find that figure and multiply it by the number of days 484(as of Oct.14 2017) and multiply 328 days by 5 in which this court has prevented any contact with my son at all--priceless time with my son.  Start with a million per day.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| *October 23, 2017* | *Joyelle M. Bukowski* |
|---|---|
| Dated | Plaintiff's Signature |
| JOYELLE        M | BUKOWSKI |
| First Name        Middle Initial | Last Name |
| 62 Pointe Circle South | |
| Street Address | |
| Coram        NY        11727 | |
| County, City        State        Zip Code | |
| 646 771 2704        joyellebukowski@hotmail.com | |
| Telephone Number        Email Address (if available) | |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

## FACTS

1. On June 13, 2016 under V-docket 06605-15 Mr. Philip Castrovinci tried
   To secure a Notice of Settlement based solely on false accusations
   And distorted representation of events concerning my son M and the
   Alleged aberrant behavior of his biological father Mr. Adam Saylor.

2. Equally disturbing is his reference to a 1034 on Judge Jeffrey Spinner's
   Desk alleging I had coached my son M, as to the events that transpired
   On December 30, 2015. M is three and a half at this time.
   This false accusation is being made by Child Protective Services .

3. Mr. Castrovinci further alleges this 1034 recommends that I be
   Psychologically evaluated; a recommendation made by the unqualified
   Opinions of two caseworkers and a Law Guardian without any foundation
   And after several interviews.

4. On that day, the Law Guardian Mary Daniels tried to infer that I had made
   Numerous calls to the Central Registry, as well as questioning my
   Academic credentials and finished with and I quote
        "The caseworker (Joanne Merrihue) who does not have an
   Interest in this case, believes there's a psychological issue going on
   Here.  I have a sneaky feeling that, too, there is a psychological issue,
   Your Honor, and at the very least, there should be some sort of
   Discussion of how to address this".

5. 1 through 4 are very significant as these sneaky feelings by unqualified
   Individuals, as well as the wild speculative meanderings of an
   Attorney represent the evidence by which they removed my son on
   June 20, 2016 and have him to this very day with absolutely no contact.

6. My next court date was set for July 21, 2016 but that would be contravened
   By the County Attorney for CPS as they move for an emergent trial
   On June 20, 2016.

1

## ESSENTIAL BACKGROUND

7. As of June 13, 2016 I am sole custodial parent of my son M. I am a
Single mom who independently decided to have my son M and raised
And cared for him for four years.

8. I never cohabited or co-parented with Adam Saylor who had not
EXpressed interest in my son until he was 3 and ½ years old; and
He was then in the process of soliciting visitation rights with
Mr. Philip Castrovinci, his attorney. I had reached out to him to
See his son M.

9. However, in July, 2015 my son M returned home from a visitation
With Mr.Saylor and said that someone had tried to drown him in
Melanie's pool, but daddy saved him. Event One.

10. I tried to communicate with Mr. Saylor—to no avail. I then reached
Out to CPS to assist me. I understand he was indicated at this time.

11. On December 30, 2015 I was giving my 3 and ½ year old his
Daily bath when I noticed severe irritation around his anal area
And a cut on his penis.

12. He had just had a seven hour visit with Mr. Saylor the day before.
They went to Melanie's house. Adam Saylor's significant other.

13. I was recovering from a Caesarean section ( I had just had L on
2015) and was tending to him as well as myself.

14. I asked my Dad to take M to the emergency room at Stony Brook
(it was the holidays) and make sure everything was alright.

15. After a Katherine Morgera Clores RN briefly eXamined M, they were
Both detained four or five hours until a SVU Detective Michelle DiMartino
And a county caseworker arrived.

2

16. Dad was asked to leave the room and the detective and caseworker inter-Viewed M.  Following which M was taken to the sixth floor and the nurse Said the mother must be there.

17. Dad volunteered they could go forward if necessary but they insisted I show for consent.  When I arrived the test had already gone forward.

18. My stepfather, retired homicide detective William Mahoney, broached A conversation with the detective and caseworker who were attending To paper work outside the examination room and Dad overheard that Detective Michelle DiMartino believed M was credible as he answered The same way on three different approaches to the questions.

19. M told the detective his daddy took him downstairs to the laundry room And put a nail in his butt.

20. This then became a  criminal complaint pending the results of the SANE test.

21. From SR caseworker Lori Towns of January 12 and 13 of 2016 report;

    SR CW Towns spoke with SVU Det DiMartino-she states that she Did tell mother that she can withhold M from visits with Father Until Criminal investigation is complete. Det.states that this takes Weeks as she needs the final lab results from the SANE exam and The results of the follow up medical at the CAC….

    Det states that the only thing that concerns her about what the child Said was that he consistently repeated that father put a knife in his Butt in the laundry room of his home.  Det states this could be Child's description of a penis entering the buttocks as this can feel Like a knife to a child….

3

Det directs this worker to follow up with father and see if he has a

Laundry room in his home and get back to her after worker interviews

Child.

22. From Sr caseworker Lori Towns of January 13 and 25 of 2016 report:

Worker asks father what is in the basement of his home as this worker
Didn't go in basement.  Father reports there is a laundry room and an
Unfinished apartment that they use for storage.
Worker discusses with father him reconsidering permitting his step
Children, G and N and his son S  to be interviewed by this worker
as this would be beneficial to this investigation.
Father understands however doesn't want his children subject to this
As allegations are false.  Father states his fiancé Melanie will not
Permit her children to be interviewed and he will consider per-
Mitting this worker to interview his son S after he discusses this
With his mother….
Father states if any results are found from this exam, mother did
Something to frame him.

23. However the test kit is missing and the swab test is abnormal.

24. .Incredibly once there was insufficient evidence for the criminal case to

Go forward CPS caseworker Lori Towns declared the event unfounded.

My son had a tale that coincided with physical irritation about his anus

And a cut on his penis apparently sufficient to precipitate an extensive

Evaluation by health officials at the hospital and an SVU investigation.

Rather than seeking help with a child psychologist in search for the truth

CPS caseworkers then proceeded to undermine my son's credibility;

"he cannot tell the truth from a lie" "his statements are inconsistent"

A 3 and ½ year old child has learned to be very devious.

26. They ignored the repetitive remarks that "daddy hurt me" 'daddy

4

Put a nail in his butt". Unfounded.

27. However, they did inject "mommy said".  This was stated a year
Later when Det. Di Martino had become citizen DiMartino and
Would not be prosecuted for fabrications in court—protected
Testimony. Did "mommy say' there was a basement or there
Was a laundry room there in Melanie's home?  How would she know?
For that matter how would M know?  Why would he know?
Why was my son not asked to give details of the laundry room?
Any number of questions that would clarify his testimony as
To surroundings, frequency, others present ,followed by interviews.
Did anyone live downstairs?  Were the other children aware of events?

28. The testimony of my son M was all new to me and the events that
Transpired immediately thereafter were in the control of investigative
Authorities. Perhaps the caseworkers and LG have "sneaky feelings"
About their mental health. Event  Two

29. I had gained access to Lori Towns report only after Christopher Chimeri,
My attorney at the time, parted ways in August—well after June 20, 2016
In which the Court seized my son M.  Thus CPS, LG and the County
Attorney, even Philip Castrovinci had this material, omitted this evidence
In court and made false accusations knowing full well they were indeed
False.

30. Furthermore, Dr. Leslie Quinn who performed the follow up examination
(testified in court in February, 2017) indicated that M was healing from
Adhesions and stated that while there was no convincing evidence of

5

Sexual abuse she could not discount that sexual abuse had occurred,

31. This was the second time in which CPS became involved in my affairs.

32. The third incident in which CPS became involved occurred in early May
   When Judge Jeffrey Spinner gave an overnight visitation to Mr. Saylor.
   With all that had transpired with Mr. Saylor and my son M, I had
   Serious misgivings and hoped that CPS would monitor the situation
   In some way.  My son M did not want to go.

UNCONSTITUTIONAL REMOVAL OF M—JUNE 20, 2016

33. On June 13, 2016 under V-06605-15 my next court date was set for
   July 21, 2016.

34. On June 20, 2016 I return to my home and find a notice fastened to
   My door for a court appearance that very day in the morning.

35. When I make an appearance the County Attorney Mr.Jeffrey Tavel
   Informs the court that the County was there for "an arraignment on a
   Petition, an N docket petition.  The County is asking for an order of
   Protection to limit Ms. Bukowski's contact with the child and give
   Custody at this time to the father."…

36. THE COURT: Well, first, since this is a first appearance, I'm going
   To direct a waiver of a public reading and enter a
   denial to the allegations in the petition.  I know there's
   a V docket that was filed beforehand that we were in
   the midst of a trial on, and the court – the law guardian

6

was Mary Beth Daniels. I understand that the clerk has

tried unsuccessfully to reach her today.

37. MR. TAVEL: Judge, I have had the opportunity to speak with Ms. Daniels

She's home with a child and cannot be here today, but

She let me know that she supported the County applications,

Had concerns about the mother's mental health and believed

The County's application was appropriate.

38. Thus I never had the opportunity to face my accuser about the validity of

Her "sneaky feelings." Evidence? Furthermore the County's

Allegations were never read into the record.

39. MR. TAVEL: Judge, we have witnesses prepared to testify today.

40. At which point I requested an adjournment, time to consult with

And prepare myself and my own attorney, prepare my own witnesses

And was denied in complete violation of procedural due process.

This was an emergent trial and must go forward.

41. Suddenly we are disengaging from Family Court Act Article 6

In reference to custody and visitation and entertaining Article 10

And neglect for the very first time. NN-09830-16.

42. MR.TAVEL: I don't think we need the higher standard of imminent

Risk. We're looking for an order of protection and

To place the child with the father, not outside the

Family setting.

COURT: Okay

43. First, as far as Mr.Saylor is concerned there never was a family

7

Setting.  Even Mr. Saylor affirms that there never was a relationship
In his testimony.

Secondly, as Mr. Tavel is attacking my liberty interest and severing
My relationship with my son (the State's compelling interest) he
Must establish a preponderance of evidence (substantial) that my
Son is in imminent risk of danger from the mother who has exclusively
Cared for him  as a single mom for four years.

He is asking the court to violate substantive due process.

44. Senior Caseworker Lori Towns was called as a witness and her
Testimony is  reflected in 14 through 31 with this significant difference.
Mr. Tavel is deliberately ignoring the fact that the sexual allegations,
As he called them, were the result of the investigation conducted by
Detective Michelle DiMartino and the caseworker present based on
My son's testimony.  I did not make them.

Likewise, she omitted the concerns of the Detective as to what may
Indeed have transpired.  These are facts in her own report.
Evidence against me?

45. Caseworker Joanne Merrihue, a total newcomer 5/3/2016 then
Gave her testimony and clearly she was confused.

46. Shockingly, when witnesses to the neglect case were finally being
Heard,  Detectives Ross and Leaf in February ,2017 alluded to a
Separate event M related to them where M had said he had "bleed"
Out of his rectum from daddy and Niko was cleaning up the blood.

47. In her testimony she assumed this was the same event as (14-31). But then

8

"his demeanor does not match the things he says". Body language is
   Evidence?

48. Outside of the denials of Mr. Saylor of everything and the accusations
   Of Philip Castrovinci on bad language my son had acquired somewhere
   And , of course, my imaginary sexual allegations, this is the evidence
   The court used to remove my son.

49. Where is probable cause let alone a preponderance of evidence?

50. Judge Jeffrey Arlen Spinner did not even go into chambers to reflect
   On what had transpired and the orders he was about to issue.

51. Judge Jeffrey Arlen Spinner issued a court order, taking my son from
   His natural home and allowed personal contact with my son M at a CPS
   Detention center under critical (corrective) supervision for only a
   Single hour per week.

52. In less than five hours of my arrival in court my son had been removed
   By police.  Notice,false charges, farcical hearing and removal of my
   Four year old in less than five hours without even probable cause
   (preponderance  is required) , in violation of procedural due process
   And substantive due process. Malice and deliberate indifference follows.

## MALICIOUS PROSECUTION ESTABLISHED

53. On June 24, 2016 I return to court and encounter Christopher J.
   Chimeri Esq. who assures me that he would be able to have M
   Returned.  However, he cannot file a 1028 as he needs to catch up

9

On the case.  He further advised me that an evaluation from one of the

Court's  list of approved analysts would facilitate my son's release .

54. I chose Dr. Kathleen Monahan from the approved court list and

Despite being in shock and traumatized by the errant conduct of

The court shared several intensive sessions in evaluation.

55. Dr. Monahan found me a fit parent and strongly endorsed the

Immediate return of my son M and alleviate the effect of his

Removal.  The personal cost of the evaluation was just under $2000.

56. On July 21, 2016 I return to court and encourage Dr. Monahan to

Forward her evaluation to the Judge quam celerrime; and as we are

Now engaged in a neglect trial,  the matter now reverts to my other

Son L, now 8 months old.  The Judge and CPS are now challenging

Retention and appoint a law guardian, Susan Selanikio Linder.

57. My attorney does not address the 1028 for M's return and this is

The beginning of our falling out.  We parted ways in August and the

Materials he had on the case finally came into my possession and

Knowledge for the first time.

58. Beth Rosenthal was appointed to assist me as I had exhausted financial

Reserves.

59. On October 17, 2016 Judge Jeffrey Spinner, the LG Mary Beth Daniels,

County Attorney Jeffrey Dayton summarily refused to accept

Dr. Kathleen Monahan's evaluation.  They all demanded a forensic

Psychiatrist (not one is on the court's approved list) in particular

A Dr. Lama Bazzi  a forensic psychiatrist, out of Beirut, who had

10

Just inherited a practice of 160 inmates for her dedicated service to Suffolk County. CPS and the County Attorney say they will even Pay for it.

60. Clearly an ethical violation—putting it in the form (1061)of a Court order indicates a flagrant disregard for ethical procedure.

61. .Judge Spinner then proceeded to make this a court order with the Admonition that if I fail to comply I could go to jail. I am now Being treated as one of Dr. Bazzi's felons.

62. No addictions, drugs or alcohol; no criminal record.,All I have Done is defend my child. I now knew the true nature of this court.

63. I appeal to the Appellate Court for a Stay on the order. A RADI Eventually the Stay is denied ,however the court is now highlighted.

64. On November 3, 2016 I file for a 1061 hearing—a modification Of prior order. Denied.

65. On November 11, 2016 I file for a 1028 hearing to have my son Returned. Ignored.

66. On November 23, 2016, while having my one hour with my son, He needs to go to the bathroom. Cindy (CPS) accompanies me And I notice my son seems agitated. Once again he has severe Irritation around his anus and what appeared to be tearings. Upon Return I asked that my son be taken to CPS Dr. Leslie Quinn to Be treated. Denied

67. So I said I was going to call 911. They came with EMT and again I asked that he be treated by EMT. Denied. I had no authority to

11

Help my four year old son M.   The event was basically calm but I
Was dismayed by the response of CPS and the words of my son
"daddy didn't do it".   Then who did? How did it happen?
CPS then said the father would take him to his doctor.
Anybody have that report?

68. On December 19, 2016 Judge Spinner issued another 1061; this
Time eliminating  all contact with my son;  I have not seen my
Son since.

69. My next court date was January 7, 2017.  Judge Jeffrey Arlen
Spinner and his malice were removed at this point.


## THE MALICE CONTINUES


70. On January 7, 2017 Judge Matthew Hughes became the Judge
Of record and he addressed my 1028 request of November 11, 2016.
For a hearing to return my son M. Denied. A new neglect trial
Would commence on January 26, 2017.
Docket NN-09830-16/17E
Docket NN-11945-16/17C

71. The neglect trial is interminable:
On April 3, 2017  I filed for a 1061 hearing to see my son M.
On April 25, 2017  I filed for a 1028 hearing to return my son M
On April 27, 2017   I filed for a 1061 hearing and in each of
These instances CPS and/or the County Attorney excused them-

12

Selves (I am told) and Judge Hughes said he could not go forward.
However, he definitively gave me May 15, 2017 to entertain my
Motion.

72. May 15, 2017 my attorney Beth Rosenthal calls me to inform me
The Judge adjourned the session until May 22, 2017.

73. On May 22, 2017  Judge Matthew Hughes  renders his decision.
All charges of neglect were dismissed due to the fact the County
And CPS had not made their case lacking a preponderance of
Evidence. All previous orders of Judge Jeffrey Spinner were now
Vacated.

74. Then without any hearing whatsoever Judge Matthew Hughes
Initiated V docket V-04172-17 and gave my son to Mr. Saylor
As temporary sole custodial residential parent banning me still from
Seeing my son M

75. In spite of the fact that I already had an extensive evaluation by
Dr. Kathleen Monahan , Judge Matthew Hughes issues a court
Order demanding, I, my son and Mr. Saylor undergo a forensic
Evaluation by a group of individuals I had by-passed on the
Court's list.  Furthermore I can have only monitored visits
With my son accompanied by a counselor of some sort for one
Hour per week due to the long separation of mother and son.
I am to personally pay for this counselor each time.

76. This group of counselors have been cherry picked by the
LG Mary Beth Daniels; how incredibly reassuring.  Just

13

Another ethical violation and impediment of this court.

76. I stand by Dr. Monahan's evaluation and demand the immediate

Return of my son.  This court is the direct cause of the alienation

And suffering of my son through its unending malice . What

Are the damages to my son  this court has inflicted and continues to do

So without just cause?

77.  As of September 7, 2017 (last court date) my son M has been

Removed for 444 days. Due to the extreme malice and deliberate

Indifference of two judges, the County Attorney and CPS and LG

I have had no contact whatsoever for 288 days with my son M.

78. Clearly Judge Jeffrey Arlen Spinner and Judge Matthew Hughes

Have committed injurious and harmful acts with no cause or

Justification, initiated and sustained by the County Attorney for

CPS, its Law Guardian et al.  They have violated my son and

Myself; and continue to do so.

### FEDERAL CIVIL RIGHTS STATUTES VIOLATED

79. The minutes of June 20, 2016 stands alone as an indictment of

This court.

A  Unconstitutional removal of my son M under a court order

Obtained by deliberate misrepresentation by the County Attorney,

Delusional, unqualified "sneaky feelings " of the in absentia LG,

Meaningless self-serving remarks of the CPS caseworkers, and

Predictable se ual allegations of Philip Castrovinci under a con-

Sequential defective warrant by a compliant judge in violation of

14

My son's and my own Fourth Amendment rights.

B  Violation of procedural due process including insufficient notice,
   Presentation of false charges, denial of proper representation and/or
   Sufficient time for preparation or presentation of witnesses, insufficient
   probable cause (there was absolutely no preponderance of evidence)
   and unconstitutional removal of my son from his home.

C. Violation of substantive due process as our parent-child liberty
   Rights are trampled upon by an incredible lack of evidence; evidence
   Which the Supreme Court strengthened even further because of its
   Vital concern for its young.  Preponderance, waved by the attorney
   And judge.  They really have nothing—read the minutes.

80  While title 42 U.S.C. section 1983 has application what truly has
    Transpired  are violations of title 18. U.S.C. section 241 –a
    Conspiracy against our Constitutional Rights and in particular
    Title 18 U.S.C 242.  Deprivation of Rights Under Color of Law.
    This was nothing more than a charade.  At great cost to my son M.

81. The fact that Judge Jeffrey Spinner and Judge Matthew Hughes have
    Denied me any contact at all with my son all this time and have
    Repeatedly denied 1028 or 1061 hearings, is a clear manifestation
    Of deliberate indifference.. Its longevity, a four year old that is now
    Five and a half torn from our small family ,is depravity.

15